**Application of Anthony SABATINO
and Daniel Orlando.**

**Patent Appeal No. 8879.**

United States Court of Customs
and Patent Appeals.

July 12, 1973.

Rehearing Denied Aug. 30, 1973.

Markey, C. J., filed dissenting opinion.

———◆———

Theodore W. Anderson, Chicago, Ill., attorney of record, for appellants; Harry J. Roper, Pendleton, Neuman, Williams & Anderson, Chicago, Ill., of counsel.

S. Wm. Cochran, Washington, D.C., for the Commissioner of Patents; Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Board of Appeals,

adhered to on reconsideration, affirming the rejection under 35 U.S.C. § 112 of claim 1 of appellants' application entitled "Storage Battery Construction and Method of Making Same."[1] We affirm that decision.

The application is a continuation of serial No. 132,660, filed August 21, 1961. The earlier application was the subject matter involved in this court's decision in In re Sabatino, 387 F.2d 981, 55 CCPA 811 (1968).

Claims 1 and 2 were copied from a patent to Frischkorn et al. (Frischkorn)[2] and an interference instituted therewith. The interference was dissolved on motion which led to this appeal of the ex parte rejection of claim 1 as not supported by appellants' application. The rejection of claim 2 on like grounds was reversed.

Appellants' invention relates to a process for welding electrical connectors in an aperture of a partition wall that separates adjacent cells in a storage battery. The invention is illustrated in Figure 3 of the application, reproduced below:

FIG. 3

[A7587]

The process for welding truncated conical nose 38 of projection (shank) 30 of one connector to the conical depression 40 of projection (shank) 32 of the other

connector is described in In re Sabatino, supra.

The sole issue determinative of this appeal is whether appellants' disclosure, as exemplified in the above drawing, supports the recitation of claim 1, which, in pertinent part reads:

> providing opposed connector elements having tapered shanks and non-mating end portions wherein the diameter of said shanks *permits limited entry* of the shanks into said hole * * *. [emphasis ours]

In affirming the examiner, the board gave its reasoning as follows:

> Claim 1 states "permits limited entry." It is true that the shanks enter the dividing wall, thus the word "entry" is sufficient to describe this. By the use of the word "limited" something else is contemplated, otherwise the claim would be redundant in this respect, and the presumption is that every word is meaningful.

> There is no suggestion in appellants' disclosure that the entry of the shanks is anyway related to the diameter thereof. For this reason appellants cannot make claim 1.

## OPINION

█ In their brief appellants contend that the claim is "clear on its face" and interpret the disputed claim recitation in light of their disclosure as follows:

> The extent of entry into the aperture is in fact "limited" by mutual contact of the ends of the tapered shanks in order to form a high resistance contact (R. 8, 9). The diameter of the shanks, therefore, "permits limited entry" of the shanks into the hole.

We cannot agree with appellants' conclusion. The board was correct in holding that claim 1 requires a specific relationship between the "diameter" of the shanks and the hole while appellants' application is devoid of any disclosure of

---

1. Serial No. 611,435, filed January 24, 1967.

2. Patent No. 3,275,793, filed June 9, 1965, issued September 27, 1966.

such a relationship. To accept appellants' interpretation would amount to reading the phrase "wherein the diameter of the said shanks" out of the claim. Claim limitations defining the subject matter of the invention are never disregarded. See Smith v. Stone, 420 F.2d 1065, 57 CCPA 884 (1970).

We have found it unnecessary to consider the Frischkorn patent. Irrespective of Frischkorn's disclosure, it is apparent that appellants' application contains no support for the broadest reasonable interpretation of the disputed claim recitation.

For the foregoing reasons the decision of the board is affirmed.

Affirmed

MARKEY, Chief Judge (dissenting).

With all respect, I must dissent. I agree that the precise issue is whether appellants' disclosure supports the limitation, "wherein the diameter of said shanks permits limited entry into said hole."

The only possible answer to the question "Does appellants' shank diameter permit limited entry?" is "Yes." Of course it *also* permits total entry, but that is not the question. If the claim read "total entry" and appellants' diameter permitted only limited entry, the result would be different. But that is not the case.

Contrary to the rule requiring the broadest reasonable interpretation, the board and the principal opinion would read the word "only" before "limited." I find no warrant in the record for so doing. It would be as reasonable to insert "at least."

The board erred in finding no disclosure in appellants' application of a relationship between the shank diameter and the entry thereof. Appellants' drawing shows a relationship. Though it permits total entry, the diameter is shown as permitting an entry *limited* by contact with the opposed shank entering the hole from the opposite direction.

Whether Frischkorn's drawing shows a shank tapered to limit entry, though vigorously argued, is not controlling where both appellants and Frischkorn show a shank diameter "permitting" limited entry and the *claim* reads unambiguously on the disclosures of both.

To apply a claim limitation *in haec verba* is not to disregard it. So applied, the claim is supported by appellants' disclosure. I would reverse.